The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHRYN GARNER. individually and on behalf of all others similarly situated,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC, a foreign limited liability company, et al.,

    Defendant.

Case No. 2:25-cv-1592-BJR

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

## I.    INTRODUCTION

Plaintiff Kathryn Garner ("Garner") brings this putative class action against Lowe's Home Centers, LLC ("Defendant"). Garner alleges that Defendant's Code of Business Conduct and Ethics ("Code of Conduct") violates Revised Code of Washington ("RCW") § 49.62.070, a provision of the Washington Non-Competition Act that prohibits employers from restricting employees that earn less than twice the state minimum wage from maintaining additional employment.

Presently before the Court is Defendant's Motion to Dismiss Garner's First Amended Complaint. Having fully considered the materials and relevant legal authorities, the Court grants in

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 1

part and denies in part Defendant's Motion to Dismiss. The reasoning for the Court's decision follows.

## II.    BACKGROUND

### A.  Garner's Employment with Defendant

Garner alleges that she was employed by Defendant in Washington State from approximately November 9, 2005 to September 2, 2023. FAC ¶ 36, Dkt. No. 10. She asserts that, during her employment with Defendant, she earned less than twice the applicable state minimum hourly wage. *Id.* ¶ 37. Garner contends that, upon hire, Defendant provided her with its Code of Conduct and informed her that she was required to abide by that Code of Conduct as a condition of her employment. *Id.* ¶¶ 38-39. According to Garner, under Defendant's Code of Conduct, she was prohibited from holding supplemental employment with any of Defendant's competitors, vendors, or potential vendors. *Id.* ¶ 41. Garner contends that, but for the terms of Defendant's Code of Conduct, she "would have explored opportunities to supplement her income by moonlighting at other home improvement retail establishments or at Lowe's vendors." *Id.* ¶ 42.

### B.  Procedural History

Garner initiated this action by filing a Complaint in King County Superior Court. Defendant removed the action to this Court. Garner filed a First Amended Complaint seeking monetary damages, injunctive relief, and declaratory relief. *Id.* ¶ 64. Defendant now moves to dismiss Garner's First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). MTD, Dkt. No. 13. Defendant also moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Garner's requests for declaratory and injunctive relief, as well as the class allegations. *Id.*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 2

## III.    DISCUSSION

By this proposed class action, Garner challenges a provision of Defendant's Code of Conduct as an unlawful non-competition covenant pursuant to RCW § 49.62.070. Notably, the provision of Defendant's Code of Conduct that Garner challenges appears under a heading titled "Conflicts of Interest," which provides, among other things, "You are prohibited from competing with Lowe's." Pl.'s Exh. A at 9, Dkt. No. 10.

Under RCW § 49.62.070(1),

an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

RCW § 49.62.070(1). Section 49.62.080(1), in turn, provides a cause of action for "person[s] aggrieved by a noncompetition covenant." *Id.* § 49.62.080(1). Noncompetition covenant is defined to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind," as well as "an agreement that directly or indirectly prohibits the acceptance or transaction of business with a customer." *Id.* § 49.62.010(4).

**A. Whether Garner's First Amended Complaint Should be Dismissed for Failure to State a Claim**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 3

lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and construe such allegations in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018).

**1.   Whether Garner Adequately Alleges the Existence of a Noncompetition Covenant**

Defendant first argues that Garner has failed to state a claim pursuant to RCW § 49.62.010(4) because her allegations fail to establish the elements of contract formation: offer, acceptance, and consideration. MTD at 6-8. Garner responds that the Washington legislature intended RCW § 49.62 to be construed broadly to encompass various types of contracts, agreements, and covenants, including those that do not satisfy the common law principles of contract formation. Pl.'s Resp. at 4-7, Dkt. No. 16. Garner further contends that Defendant's Code of Conduct is, at a minimum, an agreement within the meaning of the statute because (1) Lowe's employees were required to abide by the Code of Conduct as a condition of Employment, (2) Lowe's expressly informed its employees that failure to comply with the Code of Conduct might result in discipline, including termination, and (3) by continuing to work for Lowe's, employees agreed to these terms. *Id.* at 6-7.

"Washington follows the objective manifestation test for contracts." *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 177 (2004). Following this approach, contract formation requires an objective manifestation of mutual assent of both parties. *Id.* at 177-78. Mutual assent is normally a question of fact for the fact finder. *Id.* n.10.

Assuming without deciding whether RCW § 49.62.010(4) requires the aggrieved party to establish the elements of contract formation, Garner's allegations are adequate at this stage. In

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 4

*Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 431 (1991), the Washington Supreme Court held that an employee manual gave rise to an employment contract. The court concluded that the plaintiff's receipt of that manual satisfied the requisites of contract formation, reasoning that

> [d]efendant extended plaintiff an offer by giving her the manual and explaining its provisions. Defendant accepted the offer by signing the acknowledgment form agreeing to abide by its provisions. The consideration is found in plaintiff actually working for defendant.

*Id.* at 433-34.

As in *Gaglidari*, Garner's receipt of Defendant's Code of Conduct may be construed as an offer. *See* FAC ¶ 38. Regarding acceptance, it is true that Garner does not allege that she signed the Code of Conduct. *See* MTD at 7 ("[T]here is no allegation in the FAC that Plaintiff signed or otherwise agreed to be bound by a 'noncompetition covenant.'"). However, *Gaglidari* suggests that an employee need not explicitly acknowledge receipt of an employee manual to assent to its terms. Indeed, the court in *Gaglidari* cited approvingly to *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn. 1983), noting in a parenthetical citation that

> the handbook language constitutes the offer; the offer is communicated by the dissemination of the handbook to the employee; the employee's retention of employment constitutes acceptance; and by continuing to stay on the job, although free to leave, the employee supplies the necessary consideration.

*Gaglidari*, 117 Wn.2d at 434. Accordingly, Garner's allegations regarding retention of employment with Defendant during the relevant period are sufficient at this stage to establish acceptance. *See* FAC ¶ 36. And as to consideration, *Gaglidari* likewise supports the conclusion that Garner's allegations of continued employment with Defendant during the relevant period are sufficient to establish consideration. *See id.*; *Gaglidari*, 117 Wn.2d at 434; *McKasson v. Johnson*, 178 Wn. App. 422, 428 (2013) ("If a prospective employee agrees to a noncompete restriction when he or she is first hired, employment by itself may be sufficient consideration.").

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 5

**2. Whether Garner Is a "Person Aggrieved" Under RCW § 49.62**

Defendant next argues that Garner was not a "person aggrieved" within the meaning of RCW § 49.62 because she did not suffer an actual injury as a result of Defendant's Code of Conduct and merely speculates that she would have applied for a job but for the Code of Conduct. MTD at 8. Garner responds that, giving the terms of the statute their plain and ordinary meaning, she is a "person aggrieved" within the meaning of the statute. Pl.'s Resp. at 7-10.

The fundamental objective of statutory interpretation "is to ascertain and carry out the Legislature's intent, and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *State, Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10 (2002). In addition to looking at the plain language to determine legislative intent, the Court considers "the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." *Ass'n of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control Bd.*, 182 Wn.2d 342, 350 (2015). If the plain language is unambiguous—subject only to one reasonable interpretation—the Court's inquiry ends. *State v. Velasquez*, 176 Wn.2d 333, 336 (2013).

Applying the rules of statutory interpretation, the statute is unambiguous. The relevant statutory provision provides that "[a] person aggrieved by a noncompetition covenant may bring a cause of action." RCW § 49.62.080(1). The statute does not define "aggrieved." *See generally id.* § 49.62. Black's Law Dictionary defines "aggrieved party" as "a party entitled to a remedy; esp., a

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 6

party whose personal, pecuniary, or property rights have been adversely affected by another person's actions or by a court's decree or judgment." Black's Law Dictionary (12th ed. 2024).[1]

Under the plain language of the statute, Garner's allegations that Defendant included a non-competition covenant in its Code of Conduct are sufficient to establish that Garner's pecuniary rights were adversely affected. *See* FAC ¶¶ 24, 38, 41. This interpretation is consistent with the Washington Legislature's mandate to construe RCW § 49.62 liberally for the accomplishment of its remedial purpose. The legislature enacted chapter RCW § 49.62 in 2019 to promote workforce mobility and safeguard employees from unfair practices. RCW § 49.62.005. The legislature expressly provided that "[t]he provisions in this chapter facilitating workforce mobility and protecting employees and independent contractors need to be liberally construed and exceptions narrowly construed." *Id.* § 49.62.005(3); *see also id.* § 49.62.110 ("This chapter is an exercise of the state's police power and shall be construed liberally for the accomplishment of its purposes."). Accordingly, Garner sufficiently alleges that she was "aggrieved" within the meaning of RCW § 49.62.

### 3. Whether Defendant's Code of Conduct Falls Within an Exception to RCW § 49.62's Prohibition on Non-Competition Covenants

Defendant asserts that, even if RCW § 49.62.070 applies to Defendant's Code of Conduct, the Code of Conduct is lawful because it falls within an enumerated exception to the statute that permits company policies that address the obligations of an employee to an employer under existing law, including laws against conflicts of interest. MTD at 8-9. In response, Garner asserts that the

---

[1] The Merriam-Webster Online Dictionary similarly defines "aggrieved" as "suffering from an infringement or denial of legal rights." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/aggrieved (last visited Feb. 20, 2026).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 7

restrictions on secondary employment in Defendant's Code of Conduct are categorically unlawful pursuant to RCW § 49.62 and the Washington Supreme Court's decision in *David v. Freedom Vans, LLC*, 4 Wn.3d 242 (2025). Pl.'s Resp. at 10-12.

As noted above, RCW § 49.62.070 provides that an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job. RCW § 49.62.070(1). However, the statute contains an exception:

> This section does not alter the obligations of an employee to an employer under existing law, including the common law duty of loyalty and laws preventing conflicts of interest and any corresponding policies addressing such obligations.

*Id.* § 49.62.070(2)(b). In *Freedom Vans*, the Washington Supreme Court addressed the scope and application of this exception, holding that

> the kinds of competition prohibited must be narrow in the context of chapter 49.62 RCW and noncompete agreements must be reasonable. Employers may impose prohibitions that are consistent with the duty of loyalty only when those prohibitions are reasonable in light of the facts and specific provisions within the noncompete agreement and are consistent with the legislature's directive that the duty of loyalty be narrowly construed.

*Freedom Vans*, 4 Wn.3d at 245. The *Freedom Vans* plaintiff challenged the legality of a non-competition agreement that prohibited employees from "directly or indirectly engag[ing] in any business that compete[d]" with the employer. *Id.* at 246 (first alteration in original). That noncompetition agreement defined "direct or indirect competition" to include "engaging in a business as an owner, partner, or agent" or "becoming an employee of any third party that is engaged" in a "competitive business." *Id.* The Washington Supreme Court concluded that broadly restricting employees from providing all kinds of assistance to competitors "would subsume the legislature's intent to protect low wage employees and exceeds a narrow construction of the duty of loyalty." *Id.* at 254.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 8

In light of the Washington Supreme Court's decision in *Freedom Vans*, the Court rejects Defendant's argument that the alleged non-competition covenant in Defendant's Code of Conduct falls within the exception provided by § 49.62.070(2)(b). Defendant attempts to distinguish this case from *Freedom Vans*, arguing that, unlike the agreement at issue in *Freedom Vans*, Defendant's Code of Conduct does not explicitly prohibit engaging in a business as an owner, partner, or agent or becoming an employee of any third party that is engaged in a competitive business. MTD at 9-10. The Court is unpersuaded. Defendant's Code of Conduct plainly includes a blanket prohibition on competition. *See* Pl.'s Exh. A at 9. That prohibition could reasonably be read to prohibit the very same kinds of competition as the *Freedom Vans* non-competition agreement.

Defendant's argument that Garner fails to allege facts necessary for the Court to assess the reasonableness of the non-competition prohibition in Defendant's Code of Conduct consistent with the framework established in *Freedom Vans* also fails. MTD at 10-11. As Garner points out, the burden to establish reasonableness rests with the employer. Pl.'s Resp. at 10; *Sheppard v. Blackstock Lumber Co., Inc.*, 85 Wn.2d 929, 933 (1975). Accordingly, Defendant's motion to dismiss based on the exception at RCW § 49.62.070(2)(b) is denied.

**B. Whether Garner's Request for Declaratory Relief Should be Stricken for Lack of Standing**[2]

In her First Amended Complaint, Garner seeks "[d]eclaratory relief to the effect that Defendant's anti-moonlighting policies violate Washington law." FAC ¶ 64. Defendant asserts

---

[2] Garner acknowledges that her request for injunctive relief is foreclosed by Ninth Circuit precedent and does not oppose dismissal of that request. Pl.'s Resp. at 12.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 9

that, as a former employee, Garner lacks standing to request declaratory relief. MTD at 11-12. The Court agrees with Defendant.

In order to satisfy Article III standing, a plaintiff must show, among other things, "'an injury that is actual or imminent, not conjectural or hypothetical.'" *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001) (quoting *Cole v. Oroville Union High Sch.*, 228 F.3d 1092, 1100 (9th Cir. 2000)). Garner alleges that her employment with Defendant ended around September 2, 2023. FAC ¶ 36. Garner does not allege any intent to return to work for Defendant nor any ongoing harm or potential future harm from the terms of Defendant's Code of Conduct. Thus, Garner does not stand to benefit from declaratory relief. *See Clark*, 259 F.3d at 1007; *Anicama v. Oracle Am., Inc.*, 2024 WL 3416512, at *7 (N.D. Cal. July 15, 2024) (finding that plaintiff lacked standing to seek declaratory relief as a former employee not seeking reinstatement); *Couch v. Morgan Stanley & Co., Inc.*, No. 1:14-CV-0010 LJO JLT, 2014 WL 1577463, at *7 (E.D. Cal. Apr. 18, 2014) (concluding that plaintiff lacked standing to pursue claim for declaratory relief where non-compete clause had expired and posed no threat of future harm). Garner's request for declaratory relief fails.

**C. Whether the Class Allegations Should be Stricken for Failure to Satisfy Federal Rule of Civil Procedure 23 Requirements**

Defendant contends that Garner's class allegations should be stricken because the RCW § 49.62.070 claim presents a host of individualized issues that fail to satisfy Rule 23's requirements for class certification. MTD at 12-15. Garner responds that it would be premature to dismiss the class allegations at this early stage in the proceedings. Pl.'s Resp. at 13-15.

The court agrees with plaintiff that a motion to strike class allegations is more appropriately considered on a fully developed record, and not in the context of a Rule 12(f) motion. *See Greenberg v. Amazon.com, Inc.*, Case No. 2:21-CV-00898-RSL, 2026 WL 26011, at *3 (W.D.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 10

Wash. Jan. 5, 2026) ("[Defendant's] challenges go to the legal sufficiency of the class allegations and are not the appropriate focus of a motion to strike under Rule 12(f)."). Defendant's motion to strike the class allegations is denied.

### IV.    CONCLUSION

For the foregoing reasons:

1. Defendant's Motion to Dismiss (Dkt. No. 13) is GRANTED IN PART and DENIED IN PART.

2. The Motion is granted insofar as Plaintiff's requests for declaratory and injunctive relief are stricken.

3. The Motion is denied in all other respects.

DATED this 2nd day of March 2026.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

- 11